## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

KAREN WATTS                              :
3267 South Strafford Street              :
Arlington, VA 22206                      :
                                         :
and                                      :
                                         :
MATTHEW ABRAMSON                         :
3267 South Strafford Street              :        CASE NO. 18-1175
Arlington, VA 22206                      :
                                         :        **Jury Demanded**
              Plaintiffs,                :
                                         :
v.                                       :
                                         :
GEICO ADVANTAGE INS. CO.                 :
GEICO Remittance Center                  :
One GEICO Plaza                          :
Bethesda, MD 20810-0001                  :
                                         :
and                                      :
                                         :
ODIR EFRAIN PERLA                        :
3521 Hertford, Apt 32                    :
Washington, DC 20001                     :
                                         :
              Defendant.                 :

## COMPLAINT

Plaintiffs Karen Watts and Matthew Abrahamson bring this Complaint for negligence, underinsured/uninsured motorist coverage and medical payments coverage, common law bad faith, and statutory bad faith, arising out of an auto accident in the District of Columbia, and in support thereof, state the following:

**PARTIES**

1.      At all times during the events described herein, Plaintiff Karen Watts was a citizen of the Commonwealth of Virginia.

2.      At all times during the events described herein, Plaintiff Matthew Abrahamson was a citizen of the Commonwealth of Virginia

3.      Defendant Geico Advantage Insurance Company is a corporation licensed to do business and sell insurance in the District of Columbia and Virginia.

4.      Defendant Odir Efrain Perla is a citizen of the District of Columba.

**JURISDICTION & VENUE**

5.      This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a).  There is complete diversity of citizenship between Plaintiffs and Defendants, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6.      Venue lies in this District pursuant to 28 U.S.C. § 1391(b)(1) and (c)(2), as Defendant are present in the District of Columbia.

**COMMON FACTUAL ALLEGATIONS**

7.  On May 20, 2015, Plaintiff Karen Watts was lawfully operating her motor vehicle on Constitution Avenue, NW, in the District of Colombia.

8.  As Plaintiff Watts was lawfully proceeding through the intersection of Constitution Avenue, NW, and 6th Street, NW, Defendant Odir Efrain Perla ,who was travelling in the opposite direction, negligently operated his motor vehicle by failing to obey a traffic control device and by failing to yield when he made a left-hand turn in front of Plaintiff Watts' vehicle and, as a direct and proximate result of such negligence, struck Plaintiff Watt's vehicle ("the collision").

9. At the time of the collision, Defendant Perla was not lawfully within the intersection of Constitution Avenue, NW and 6th Street, NW.

10. At the time of the collision, Plaintiff Matthew Abramson was a passenger in Plaintiff Watts's vehicle.

## COUNT I-NEGLIGENCE

11. Plaintiffs incorporate by reference and make a part hereof all preceding paragraphs of this Complaint as if completely rewritten herein.

12. As a direct and proximate result of Defendant Perla's negligence, Defendant Perla's vehicle struck the vehicle Plaintiff Watts was operating.

13. As a direct and proximate result of the collision, Plaintiff Watts suffered injuries, some of which may be permanent, causing pain, suffering, and other intangible and/or non-economic loss.

14. As a direct and proximate result of her injuries from the collision, Plaintiff Watts has incurred economic loss for reasonable expenses for necessary medical treatment and services, and will continue to incur further such expenses into the indefinite future.

15. As a direct and proximate result of her injuries from the collision, Plaintiff Watts has incurred economic loss in the form of lost income and/or wages.

16. As a direct and proximate result of her injuries from the collision, Plaintiff Watts has suffered past and future economic loss for the value of services, which she has been and will be unable to perform.

17. As a direct and proximate result of her injuries from the collision, Plaintiff Watts has suffered and will suffer past and future non-economic loss.

## COUNT II-NEGLIGENCE

18. Plaintiffs incorporate by reference and make a part hereof all preceding paragraphs of this Complaint as if completely rewritten herein.

19. As a direct and proximate result of Defendant Perla's negligence, Defendant Perla's vehicle struck Plaintiff's Watts' vehicle, in which Plaintiff Matthew Abramson was a passenger.

20. As a direct and proximate result of the collision, Plaintiff Abramson suffered injuries, some of which may be permanent, causing pain, suffering, and other intangible and/or non-economic loss.

21. As a direct and proximate result of his injuries from the collision, Plaintiff Abramson has incurred economic loss for reasonable expenses for necessary medical treatment and services, and will continue to incur further such expenses into the indefinite future.

22. As a direct and proximate result of his injuries from the collision, Plaintiff Abramson has suffered past and future economic loss for the value of services, which he has been and will be unable to perform.

23. As a direct and proximate result of his injuries from the collision, Plaintiff Abramson has suffered and will suffer past and future non-economic loss.

## COUNT III-UM/UIM COVERAGE& MEDICAL PAYMENTS COVERAGE

24. Plaintiffs incorporate by reference and make a part hereof all preceding paragraphs of this Complaint as if completely rewritten herein.

25. Plaintiffs' damage claim entails entitlement to compensation that could exceed the limits of bodily injury coverage available to Defendant Perla

26. At the time of the collision, Plaintiffs were insureds of Defendant, Geico Advantage Insurance Company ("Geico"). The policy was issued in the Commonwealth of Virginia. A

certified copy of the policy was not available at the time of this filing. A copy of the declaration page is attached hereto as Exhibit A and incorporated herein by reference.

27.     Plaintiffs have satisfied all conditions precedent for bringing an underinsured/uninsured motorist claim to the extent of their claims pleaded within Counts I and II of this Complaint.

28.  Plaintiffs further make a claim for any medical payment coverage afforded to them under the policy.

## COUNT IV- COMMON LAW BAD FAITH

29.  Plaintiffs incorporate by reference and make a part hereof all preceding paragraphs of this Complaint as if completely rewritten herein.

30.  Defendant Geico issued an Automobile Policy of insurance to Plaintiff Watts under policy number 4365-05-77-28, for the policy period from March 9, 2015 through September 9, 2015. A certified copy of the Policy was not available at the time of this filing.

31.  Pursuant to the terms and condition of the Policy, Defendant Geico is obligated to pay all losses an insured sustained as a result of a covered motor vehicle accident for both property damage and bodily injury as well as medical payments coverage, subject to any deductible.   35.     Plaintiffs filed a claim for uninsured/underinsured motorist benefits and medical payments coverage.

32     On August 5, 2015, the first set of invoices were mailed to Geico's claims adjuster requesting payment under the medical payments coverage.

33.     Defendant Geico failed issue any payments.

34.     Thereafter, pursuant to the terms and conditions of the Policy, Plaintiffs continued to request that Defendant Geico pay their medical bills.

35.     Defendant Geico failed to issue any payments.

36.     Due to Geico's failure to adhere to the policy and issue payments Plaintiffs have had medical invoices sent to collections.

37.   Plaintiffs satisfied all conditions for bringing said claims against Geico.

38.   After repeated requests and a number of months, Geico issued some payments.

39.   Plaintiffs made reasonable demands for coverage under the policy of insurance.

40.   Geico has wrongfully, without reasonable justification therefore, refused to recognize, adjust, investigate and provide coverage under the Policy in a timely manner.

41.   Geico's actions constitute bad faith pursuant to the common law tort.

42.   Geico has acted with actual malice, fraud or insult, entitling Plaintiffs to an award of punitive damages and reasonable attorney fees.

43.   As a result of Geico's bad faith conduct, Plaintiffs have been damaged in an amount to be determined at trial.

## COUNT V- STATUTORY BAD FAITH UNDER VA. CODE § 8.01-66.1

44.    Plaintiffs incorporate by reference and make a part hereof all preceding paragraphs of this Complaint as if completely rewritten herein.

45.   Defendant Geico owed Plaintiffs a duty to pay damages under the Policy.

46.   Geico breached the duty in violation of Virginia Code § 8.01-66.1.

47.   As a result of Geico's conduct, Geico has acted in bad faith as defined by the Virginia Code.

48.   As a result of Geico's bad faith, Plaintiffs have suffered damages, and are entitled to double the amount that should have been paid, payment of the claim, prejudgment interest, reasonable attorney's fees, expenses, costs and double interest.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs request that the Court:

A.      Award Plaintiffs compensatory damages in an amount to be shown at trial;

B.      Award Plaintiffs punitive damages against Geico in an amount to be shown at trial;

C.      Award Plaintiffs reasonable attorney's fees, costs, and other remedies;

D.      Grant pre-and post-judgment interest;

E.      Grant Plaintiffs such additional relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury.

Respectfully Submitted,


/s/
Earl N. "Trey" Mayfield, DCB #459998
tmayfield@jurisday.com
Juris Day, PLLC
10521 Judicial Dr., #200
Fairfax, VA 22030
(o) 703-268-5600
(x) 703-268-5602
Attorney for Plaintiffs